UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| RAYMOND BLAIR on behalf of G.B., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:15CV00056 AGF |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's application for attorney's fee, under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Plaintiff is the prevailing party in this action challenging the decision of Defendant, the Acting Commissioner of Social Security, that G.B., a minor, was not disabled, as defined by the Social Security Act, and was thus not entitled to Child's Supplemental Security Income. Plaintiff seeks $4,518.75 in fees, to be paid to Plaintiff's counsel, pursuant to an assignment of fees executed by Plaintiff, in the event the award is not used to satisfy an outstanding debt. Plaintiff has submitted documentation supporting the requested amount of fees. Defendant responds that she does not object to the award of fees in the amount sought, but notes that *Astrue v. Ratliff*, 560 U.S. 586 (2010), mandates that the fees are to be paid directly to Plaintiff.

The Court's review of the record indicates that the amount of fees sought is reasonable and properly supported. As Defendant asserts, *Astrue v. Ratliff*, 560 U.S. 586 (2010), requires that the fees be paid directly to Plaintiff, even in light of the assignment

signed by Plaintiff.  The Court is not in a position to provide otherwise.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application for attorney's fees is **GRANTED** in the amount of $4,518.75, payable directly to Plaintiff.  (Doc. No. 22.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of January, 2017